UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BRUCE MCCOY,**

   Plaintiff,

v.                                           No. 4:21-cv-0979-P

**GENERAL MOTORS, LLC AND ED MORSE AUTOMOTIVE, LLC,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is a Motion for Summary Judgment filed on May 16, 2022, by Defendants General Motors, LLC ("GM") and Ed Morse Automotive, LLC ("Ed Morse") (collectively, "Defendants"). ECF No. 21. As of the date of this order, *pro se* Plaintiff Bruce McCoy has not responded to or otherwise contested the Motion. For the reasons below, the Motion is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This products liability suit was filed by Plaintiff in state court on May 5, 2021. ECF No. 1, Ex. 1 at 4. Plaintiff alleges that on May 5, 2019, he was driving his 2018 Chevrolet Malibu when he hit a bump, lost control of the vehicle, and crashed into a guard rail. *Id.* at 27-38. Plaintiff contends that Defendants are liable for injuries he sustained and property damages to the vehicle. *Id.* at 37-38.

In his lawsuit, Plaintiff asserts several products-liability claims and related to Defendants "plac[ing] a defective vehicle in the chain of commerce." ECF No. 1, Ex. 1 at 29-37. Specifically, Plaintiff contends that his vehicle's engine control module, transmission accumulator, electronic throttle control, and accelerator position pedal sensors were defective and malfunctioning, causing the crash and his injuries. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate where the movant demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To show an issue as to material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must show sufficient evidence to resolve issues of material fact in its favor. *Anderson*, 477 U.S. at 249.

When evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255. But it is not incumbent upon the Court to comb through the record in search of evidence that creates a genuine issue as to a material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party must cite evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## ANALYSIS

It is uncontested that this is a products liability case. Under the Scheduling Order governing this case, initial expert designations were due by May 13, 2022. ECF No. 15. But Plaintiff failed to designate an expert as required by the order.

Under Texas law, for products liability claims, the plaintiff bears the burden of proving: (1) the defendant placed a product into the stream of commerce; (2) the product was in a defective or unreasonably dangerous condition; and (3) there was a causal connection between that condition and the plaintiff's injuries or damages. *Ranger Conveying & Supply Co. v. Davis*, 254 S.W.3d 471, 478 (Tex. App.—Houston [1st

Dist.] 2007, pet. denied). In addition, "expert testimony is generally encouraged if not required to establish a products liability claim." *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42 (Tex. 2007); *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 409 (5th Cir. 2016). Further, the Texas Supreme Court has "consistently required testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition." *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 348 (Tex. 2015) (citing *Mack Trucks, Inc.*, 206 S.W.3d at 583) (holding that expert testimony was needed to establish causation in a products liability case where plaintiff alleged that a defect in a truck's fuel and battery systems caused the fire).

Here, Plaintiff's claims are wholly premised on the assumption that the crash occurred because of a defect in either his vehicle engine control module, transmission accumulator, electronic throttle control, or accelerator position pedal sensors. ECF No. 1, Ex. 1 at 29-37. Texas law has been consistent for decades, holding that automotive defects like those alleged by Plaintiff require expert testimony because they are obviously not within the knowledge and experience of an average juror. *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004) (expert testimony required to establish causation in unintended acceleration case involving possible product defect); *see also Hernandez v. Nissan Motor Corp.*, 740 S.W.2d 894, 895 (Tex. App.—El Paso 1987) (writ denied) ("The mere fact that an accident occurred is not sufficient proof that [an] automobile was defective."). Without expert testimony, Plaintiff cannot show evidence of a product defect or establish a causal connection between the alleged defect in the vehicle and his injuries. Therefore, Plaintiff cannot prevail on his claims against Defendants.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 21) and **DISMISSES** this case **with prejudice**.

**SO ORDERED** on this **30th day** of **August 2022.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE